NOT DESIGNATED FOR PUBLICATION

No. 129,174

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASINROYIAL DONJE CASZARONE COLLINS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed July 17, 2026. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Casinroyial Donje Caszarone Collins appeals the Sedgwick County District Court's revocation of his probation and imposition of his underlying sentence. He argues revocation was unreasonable, partly because his probation was revoked before he had an opportunity to benefit from the resources available to him on probation. After careful review, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

In 2022, Collins pleaded guilty to three person felonies: kidnapping, aggravated robbery, and aggravated battery. These convictions resulted from conduct when Collins was 16 years old, but he was prosecuted as an adult.

As for sentencing, the parties jointly requested a dispositional departure to 36 months' probation. Because of Collins' acceptance of responsibility, his abandonment of colorable defenses, and his youth, the district court granted that request and imposed 36 months' probation with a suspended sentence of 161 months' imprisonment.

During the sentencing hearing, the district court judge impressed upon Collins that if he did not take probation seriously, he would be "facing a long time in prison." The district court judge explained that because Collins was receiving a dispositional departure, lesser sanctions would not be required if Collins violated his probation. As the district court explained, this meant that if the State later proved that Collins had violated probation, Collins would be sent straight to prison. The district court judge said that his default was to revoke probation and impose the underlying sentence, but that if Collins would put forth full effort on probation, then "you're not gonna have a problem with me."

Collins' attorney told the district court that Collins was "thoroughly committed to overcoming his drug addiction" and "to avoiding contact with any of his old friends and complying with the terms of probation." Collins personally told the district court that he did not want to return to jail, and he asked for a chance to show the court "and everybody else that [he] can change."

But any change was short-lived. About a month after sentencing, Collins was alleged to have violated probation. He was allegedly "out past curfew with others in a stolen vehicle inside which there was evidence of distributing marijuana" and when

2

police stopped the vehicle, Collins briefly fled from them. The district court issued a warrant alleging that he had violated his probation by: (1) committing the new crime of possessing marijuana with the intent to distribute; (2) committing the new crime of distributing marijuana without a tax stamp; (3) committing the new offense of interference with a law enforcement officer; (4) committing the new offense of theft and possession of stolen property; (5) failing to obey the curfew set by the terms of his probation; (6) failing to provide his probation officer with proof of attending drug and alcohol treatment as directed; (7) failing to provide his probation officer with proof of attending addiction recovery support meetings; and (8) failing to provide his probation officer with proof he was seeking a job.

Collins' probation officer did not support revoking his probation. She recommended instead that the district court order Collins to serve a 60-day jail sanction and modify Collins' probation to require residential supervision, stating that Collins "would greatly benefit from the additional structuring and programming" of a residential program.

At the probation revocation hearing, Collins stipulated to all alleged probation violations. But Collins joined his probation officer's request and requested a 60-day jail sanction and residential supervision rather than revocation. In that request, he stressed that he was merely a passenger in a car that he did not know had been stolen, and that he had stopped his initial fleeing of the scene and had voluntarily submitted to police.

The district court found Collins had violated his probation, so it revoked his probation and imposed Collins' original 161-month prison sentence. In support of its decision to revoke, the district court noted many factors: the serious nature of Collins' crimes of conviction, Collins' criminal history, the presumption of prison at Collins' original sentencing, the special rule that applied because a firearm had been used during the commission of a person felony during the original crimes, the short time between

3

sentencing and the probation violations, the types of violations alleged, the commission of new offenses, and the lack of proof that Collins was complying with his probation conditions. Collins appeals but does not challenge any of these factors.

Collins argues instead that revocation of his probation was unreasonable because change takes time and he did not have a chance to fully use the resources available to him on probation before it was revoked. He also argues that he should have been allowed to remain on probation for the same reasons that had led the court to grant him a departure, as nothing had changed from the date of the dispositional departure to the date of the revocation of his probation.

DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING COLLINS' PROBATION?

Once a probation violation has been established, the district court's decision to revoke or modify the defendant's probation and impose the original sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). We review a challenged probation revocation for an abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. 315 Kan. at 328. Collins asserts solely that the district court's decision was unreasonable. He bears the burden of establishing an abuse of discretion. See 315 Kan. at 328.

A district court must apply the probation revocation structure in effect on the date the probationer committed the crime of conviction. *State v. Dominguez*, 58 Kan. App. 2d 630, 637, 473 P.3d 932 (2020). Collins committed his crimes in May 2021, so K.S.A. 2020 Supp. 22-3716 provides the controlling probation revocation rules.

4

Generally, before a district court may revoke an offender's probation, it must have imposed intermediate sanctions upon the offender. See K.S.A. 2020 Supp. 22-3716(c)(1)(B), (C). But under certain exceptions, the district court may bypass intermediate sanctions and immediately revoke probation. See K.S.A. 2020 Supp. 22-3716(c)(7). One of these exceptions is if the offender commits a new crime while on probation. See K.S.A. 2020 Supp. 22-3716(c)(7)(C). The district court applied this exception, as noted on the journal entry. Another exception is when probation was originally granted as the result of a dispositional departure, which the district court also referenced at Collins' probation revocation hearing. See K.S.A. 2020 Supp. 22-3716(c)(7)(B).

Collins does not dispute that he committed several new crimes just a month after he began probation, which violated the terms of his probation. Nor does he dispute that his probation resulted from a dispositional departure. Under the two exceptions in K.S.A. 2020 Supp. 22-3716(c)(7)(B) and (C), then, the district court had authority to revoke Collins' probation without imposing graduated sanctions or modifying his probation.

Collins concedes that a district court has authority to revoke a defendant's probation after a condition of that probation has been violated. Yet he argues that the district court abused its discretion because the reasons the district court granted him a dispositional departure continued to exist—he had still accepted responsibility for his crimes, he had still abandoned colorable defenses, and he was still young. While it is true those factors still existed just a month after sentencing, not everything was unchanged at that point—Collins had committed several new crimes. The district court gave Collins fair warning at sentencing that he would not receive graduated sanctions if he violated the terms of his probation. Collins thus fails to show that the district court's action stemmed from an error of law or fact or was otherwise arbitrary, fanciful, or unreasonable.

Collins adds a new assertion in his reply brief—that revoking his probation was unreasonable because he said that he did not know the car he was riding in was stolen. But assessing credibility in an evidentiary hearing is the district court's job, not ours. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). And evidence of flight is relevant to the defendant's consciousness of guilt. See *State v. Griffin*, 279 Kan. 634, 647, 112 P.3d 862 (2005). So the district court could have discounted Collins' statement and viewed the fact that Collins ran when police stopped the car as evidence of guilty knowledge. That would have been a reasonable conclusion.

Our review of the record shows that the district court acted within its discretion and within the applicable statutory requirements in K.S.A. 2020 Supp. 22-3716(c)(7)(B) and (C) when it revoked Collins' probation and imposed his underlying sentence. Collins has failed to show that the district court abused its discretion.

Affirmed.